IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

DONALD J. STUART,                                )
                                                 )          Case No. 1:22-cv-00362
          Petitioner,                            )
                                                 )          Judge Dan Aaron Polster
     v.                                          )
                                                 )          OPINION & ORDER
WARDEN KENNETH BLACK,                            )
                                                 )
          Respondent.                            )

Petitioner, Donald Stuart ("Stuart"), filed this *pro se* writ of habeas corpus under 28

U.S.C. § 2254 and asserts seventeen grounds for relief.  In November 2018, a Lake County jury

convicted Stuart of eight felony counts for sexually abusing his teenage, adopted daughter.  The

court sentenced him to a total of sixteen years of incarceration.  Stuart is presently in custody at

Richland Correctional Institution.  The Court referred this case to Magistrate Judge James E.

Grimes to prepare a Report and Recommendation.  The Court agrees with the Report and

Recommendation's conclusion that Stuart's seventeen grounds for relief are not cognizable,

procedurally defaulted, and/or fail on the merits.  For the following reasons, the Court ADOPTS

the Report and Recommendation, OVERRULES Stuart's objections, and DISMISSES with

prejudice Stuart's habeas petition.  The Court DECLINES to grant a certificate of appealability.

Procedural History

On November 7, 2018, a jury convicted Stuart of eight felony counts in the Lake County

Court of Common Pleas, including:  Rape (Counts 1, 4, and 6); Kidnapping (Counts 2 and 3);

Sexual Battery (Counts 5 and 7); and Menacing by Stalking (Count 8).  ECF Doc. 10-1, Ex. 29,

PageID# 380.  On November 28, 2018, the court sentenced Stuart to a total of sixteen years of

incarceration.  *Id.* at Ex. 30, PageID# 393.

1

Following his conviction, Stuart litigated three post-conviction motions in the Ohio trial court and appellate courts.  First, Stuart filed a direct appeal to the Ohio Eleventh District Court of Appeals and asserted seven assignments of error.  ECF Doc. 10-1, Ex. 32, PageID# 414.  In June 2020, the Ohio Court of Appeals affirmed the trial court's judgment.  *Id.* at Ex. 34, PageID# 502.  Second, two months later, Stuart filed a *pro se* notice of appeal to the Supreme Court of Ohio, where he asserted four grounds for relief.  *Id.* at Ex. 35, PageID# 536; Ex. 38, PageID# 577.  In January 2021, the Supreme Court of Ohio declined to accept jurisdiction of Stuart's appeal.  *Id.* at Ex. 40, PageID# 607.  Third, in March 2022, Stuart filed in the Lake County Court of Common Pleas a petition to vacate or set aside judgment of conviction or sentence, in which he asserted three claims for relief.  *Id.* at Ex. 41, PageID# 608.  The following month, the court denied Stuart's petition, finding that it was not timely, and his claims were barred by res judicata.  *Id.* at Ex. 43, PageID# 618.  Stuart did not appeal the trial court's judgment.

Turning to the instant petition, on March 4, 2022, the Court received Stuart's habeas corpus petition.  ECF Doc. 1.  Stuart placed his petition in the prison mailing system on February 20, 2022, so that is the date it is deemed filed.  *Id.* at PageID# 16.  A petition is deemed filed when a petitioner places it in the prison mailing system.  *Houston v. Lack*, 487 U.S. 266, 270 (1988).  Stuart's petition (ECF Doc. 1) and his accompanying 80-page brief (ECF Doc. 1-2) assert a total of seventeen grounds for relief.  On June 24, 2022, the Warden filed a return of writ.  ECF Doc. 10.  The Court received Stuart's traverse (ECF Doc. 11) on July 8, 2022.  On January 31, 2024, the Magistrate Judge submitted the Report and Recommendation.  ECF Doc. 15.  On March 1, 2024, the Court received Stuart's objections.  ECF Docs. 16; 16-1.  They bear a date of February 13, 2024, so that is the date they are deemed filed.  *See Houston v. Lack*, 487 U.S. at 270.

2

<u>Standard of Review and Analysis</u>

After reviewing the Report and Recommendation, the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).  The Court specifically adopts the Report and Recommendation's "Legal Standard" section—including the subsections on procedural default, exhaustion, and merits review—and the "Discussion" section's analysis of Stuart's seventeen grounds for relief.  ECF Doc. 15, PageID## 2158-96.  The Court concludes that:

Grounds <u>one</u> (trial court's application of Ohio's Rape Shield statute), <u>five</u> (trial court's denial of Stuart's motion for acquittal), <u>six</u> (jury's verdict against the manifest weight of evidence), <u>eight</u> (wrongful arrest and other criminal procedure violations), <u>ten</u> (trial court's ruling to exclude evidence of the victim's prior sexual abuse), <u>eleven</u> (trial court's evidentiary rulings), <u>thirteen</u> (constitutional violations stemming from jury tampering and conflict of interest by prosecution), <u>fourteen</u> (ineffective assistance of counsel), and <u>seventeen</u> (fraud upon the court) are procedurally defaulted because Stuart failed to comply with an Ohio state procedural rule and/or he failed to raise the claim in state court and pursue it through Ohio's appellate review procedure.  *See Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (explaining that: (1) "If due to the petitioner's failure to comply with the procedural rule, the state court declines to reach the merits of the issue, and the state procedural rule is an independent and adequate grounds for precluding relief, the claim is procedurally defaulted;" and (2) "a petitioner may procedurally default a claim by failing to raise a claim in state court, and pursue that claim through the state's ordinary appellate review procedures") (internal quotations omitted) (citation omitted).

3

A portion of ground <u>two</u> (constitutional violations resulting from the trial court's ruling to admit evidence of Stuart's alleged prior bad acts) is not cognizable, fails on the merits, and the remainder is procedurally defaulted.

Ground <u>three</u> (constitutional violations resulting from the trial court's ruling to permit the Sexual Assault Nurse Examiner (SANE) nurse to testify as an expert witness) is not cognizable and fails on the merits.

Grounds <u>four</u> (constitutional violations resulting from the trial court's denial of Stuart's motion to suppress) and <u>seven</u> (constitutional violations resulting from the trial court's denial of Stuart's motion to discharge for speedy trial violations) fail on the merits.

Grounds <u>nine</u> (fundamental miscarriage of justice and Stuart's declaration of actual innocence) and <u>twelve</u> (illegal seizure of forensic evidence, blood drawn, mouth swab, and genital swab) are procedurally defaulted and not cognizable.

Grounds <u>fifteen</u> (trial court failed to invoke impeachment evidentiary rules during trial) and <u>sixteen</u> (criminal coercion with intimidation due to forced testimony of spouse against spouse) are not cognizable, procedurally defaulted, and fail on the merits.

Objections

Stuart objects to the Report and Recommendation and generally disputes all of the Report's conclusions.  ECF Docs. 16; 16-1.  His five page memorandum broadly asserts that the Magistrate Judge "mis[led], misquote[d], deceive[d], alter[ed]" the facts in this case to "commit confusion and doubt with an abundance of lies."  ECF Doc. 16-1, PageID# 2198.  Additionally, he lodges sweeping accusations of "view point discrimination, and abuse of authority and power."  *Id.*  The two most specific objections essentially contend that: (1) the Report and Recommendation reflects a "twisted interpretation of facts and laws, and thereof this Petitioner's

4

28-USC-2254 Habeas Corpus Filing" in part because the Magistrate Judge "pasted . . . select parts and/or portions of police reports; police discovery; and documents . . . and also altered the actual police [ ] discovery documents;" and (2) the Report "ignored elements within each ground and completely ignored grounds thereof."  *Id.* at PageID## 2199-2201.

Stuart's objections are not proper objections because they fail to "pinpoint" portions of the Report that the Court should specially consider.  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986).  Additionally, his memorandum of objections fails to "alert the Court to alleged errors," deficiencies, or inaccuracies in the Report's analysis.  *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004).  Instead, Stuart makes farfetched accusations and simply disagrees with the Report's ultimate determination that no relief is warranted.  The 52-page Report reflects a thorough relating of this case's procedural history, prior state court judicial rulings, opinions, and legal arguments, and careful consideration of Stuart's seventeen grounds for relief.  The Report does not reflect improper pasting, selecting, or altering of police documents, as Stuart alleges.  And the Court disagrees that the Report ignores sub-elements within each ground for relief or entirely ignores a claimed ground for relief.  The Magistrate Judge meticulously analyzed Stuart's grounds for relief and properly determined that they were not cognizable, procedurally defaulted, and/or failed on the merits.  Therefore, the Court overrules Stuart's objections.

## Certificate of Appealability

This Court may only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong" before receiving a certificate of appealability.  *Slack*

*v. McDaniel*, 529 U.S. 473, 484 (2000).  Stuart has made no such showing.  Therefore, a certificate of appealability is unwarranted.

Conclusion

The Court <u>ADOPTS</u> the Report and Recommendation.  Stuart's seventeen grounds for relief are not cognizable, procedurally defaulted, and/or fail on the merits.  Accordingly, the Court <u>OVERRULES</u> Stuart's objections and <u>DISMISSES</u> with prejudice Stuart's habeas petition.  The Court <u>DECLINES</u> to grant a certificate of appealability.

IT IS SO ORDERED.

Date: March 22, 2024

*/s/ Dan Aaron Polster*
Dan Aaron Polster
United States District Judge
